UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MARK STREETER,

    Plaintiffs,

v.

ARMAN IZADI et al.,

    Defendants.

Case No. 2:18-cv-01916-RFB-VCF

**ORDER**

## I. INTRODUCTION

Before the Court is Defendants' Motion to Dismiss. ECF No. 47. For the reasons below, the Court denies the motion.

## II. PROCEDURAL BACKGROUND

On October 4, 2018, Plaintiff commenced this lawsuit against Defendants. ECF No. 1. On March 23, 2020, Plaintiff filed a second amended complaint. ECF No. 34. On May 1, 2020, Defendants Armani Izadi, Sancho Van Ryan, The Orange Trust, and Brian Epling filed a motion to dismiss. ECF No. 47. On May 22, 2020, Plaintiff filed a response and on May 29, 2020 Defendants filed a reply. ECF Nos. 50, 53. On November 9, 2020, this Court held a hearing regarding the motion to dismiss. ECF No. 59.

### III. FACTUAL ALLEGATIONS

Glow Threads, Inc. ("GTI") was formed on February 3, 2016, by Defendant Van Ryan who was also appointed the initial officer and director of the company. In late 2015, Defendants Izadi and Van Ryan approached Plaintiff Streeter and pitched the opportunity to invest in GTI. In exchange for Streeter's investment, he was to receive shares in GTI and another company, Viva La Merch. In an April 2016 sales pitch, Van Ryan and Izadi claimed that they had the proprietary rights to clothing technology to be used on GTI and that GTI has exclusive rights to market and sell GTI. Izadi and Van Ryan also informed Streeter that Defendants Adli Law Group, P.C. ("Adli") and Anthony DiMonte ("DiMonte") were providing legal counsel to the company, obtaining required legal patents, and receiving equity.

Based on Van Ryan and Izadi's representations, in April 2016, Streeter invested $50,000.00 in the company. At that time, the shares were divided in the following manner: The Orange Trust, Izadi's company, received 7,100 shares, Brian Epling received 400 shares, Aldi received 500 shares, and Streeter received 2,000 shares. Streeter never received any shares for Viva La Merch.

On May 20, 2016, Streeter purchased the domain name "mymerch.com" on behalf of Izadi and Van Ryan for GTI. In May 2016, Streeter invested an additional $60,000 in GTI in exchange for 1,000 additional shares. On May 18, 2016, and Streeter, Orange Trust, and Van Ryan signed an agreement acknowledging that Streeter invested $125,000.00 into GTI.

In late May 2016, Izadi and Van Ryan requested more funds from Streeter claiming that GTI needed capital to secure inventory from GTI's suppliers. Streeter agreed and invested an additional $35,000.00 on June 1, 2016. It was represented to Streeter that DiMonte was to secure the intellectual property right for GTI; however, it was never secured.

Bonnie Izadi ("Roberts"), Izadi's mother, was installed by Izadi as the Secretary, Treasurer and Chief Financial Officer of GTI. Izadi and Van Ryan appointed Roberts without an investigation to determine if she was qualified for such a role. Roberts made substantial payments to her son, Izadi, out of GTI accounts. By July 29, 2016, GTI's bank account was nearly completely drained ($74.27 remained). There were numerous cash withdrawals in June 2016 for different

items; however, there were no invoices or other supporting documentation. Additionally, there were GTI cash funds transferred directly to Izadi. Throughout the relevant time period, Izadi used surrogates such as Van Ryan and his trust, the Orange Trust, to control GTI while using its funds for personal benefits.

### IV.    LEGAL STANDARD

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).  The Ninth Circuit, in elaborating on the pleading standard described in Twombly and Iqbal, has held that for a complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### V.    DISCUSSION
####    a.  Fed. R. Civ. P. 23.1

As a preliminary matter, this Court finds that Plaintiff has satisfied the requirements of

3

Fed.R.Civ.P.23.1(a). "A derivative theory of recovery, whether asserted individually or on behalf of a class, is governed by Fed. R. Civ. P. 23.1." Lewis v. Chiles, 719 F.2d 1044, 1050 (9th Cir. 1983). Rule 23.1 states that a derivative action brought by "one or more shareholders ... to enforce a right" of a corporation "may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association." Quinn v. Anvil Corp., 620 F.3d 1005, 1012 (9th Cir. 2010). In other words, to have standing, a plaintiff must be a shareholder at the time of the alleged wrongful acts and retain ownership of the stock for the duration of the lawsuit. See, e.g., id.; Lewis, 719 F.3d at 1047. To determine the adequacy of representation, the Ninth Circuit examines eight factors: (1) indications that the plaintiff is not the true party in interest; (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit; (3) the degree of control exercised by the attorneys over the litigation; (4) the degree of support received by the plaintiff from other shareholders; (5) the lack of any personal commitment to the action on the part of the representative plaintiff; (6) the remedy sought; (7) the relative magnitude of the plaintiff's personal interests and compared to his interest in the derivative action itself; and (8) the plaintiff's vindictiveness toward the defendants. Larson v. Dumke, 900 F.2d 1363,1367 (9th Cir. 1990).

Under these factors, the Court finds that Streeter adequately represents the shareholders because there are no other similarly situated shareholders; therefore, Streeter is permitted to bring a derivative suit of one. Streeter is a true party in interest, holding a 30% of shares in GTI and there are no other similarly interested parties. Streeter alleges that he is not similarly situated to any other shareholders because Izadi, Van Ryan, Orange Trust, and Brian Epling were accomplices to the wrongdoing and harm to GTI. The Court concludes, therefore, that in this case, Streeter is the only shareholder similarly situated and that he meets the Rule 23.1 qualifications.

### b. Claim One: Breach of Fiduciary Duties

Defendants assert that Plaintiff's first cause of action for breach of fiduciary duty fails to state a claim against Izadi, Van Ryan, The Orange Trust, and Roberts because none of these Defendants had any fiduciary obligations. This Court disagrees for the reasons below.

Under Nevada law, to prevail on a breach of fiduciary duty claim, the plaintiff must

establish: "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) the breach proximately caused the damages." Klein v. Freedom Strategic Partners, LLC, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009). Nevada Revised Statutes ("NRS") § 78.138(3) provides that "[a] director or officer is not individually liable for damages as a result of an act or failure to act in his or her capacity as a director or officer except under circumstances described in subsection 7.". NRS § 78.138(7) requires a two-step analysis to impose individual liability on a director or officer. First, the presumptions of the business judgment rule, codified in NRS § 78.138, must be rebutted. The business judgment rule states that "directors and officers, in deciding upon matters of business, are presumed to act in good faith, on an informed basis and with a view to the interests of the corporation." NRS § 78.138(3). Second, the "director's or officer's act or failure to act" must constitute "a breach of his or her fiduciary duties," and that breach must further involve "intentional misconduct, fraud or a knowing violation of law." NRS 78.138(7)(b)(1)-(2). Therefore, a plaintiff asserting a breach of fiduciary duty by officers and directors "must allege facts that when taken as true (1) rebut the business judgment rule, and (2) constitute a breach of a fiduciary duty involving 'intentional misconduct, fraud or a knowing violation of law.'" Chur v. Eighth Judicial Dist. Court in & for Cty. of Clark, 458 P.3d 336, 341 (Nev. 2020). To rebut the presumption that the business judgment rule affords, a plaintiff must allege conduct where the fiduciary intentionally acts with a purpose other than that of advancing the best interests of the corporation, where the fiduciary acts with the intent to violate applicable positive law, or where the fiduciary intentionally fails to act in the face of a known duty to act, demonstrating a conscious disregard for his duties." Oswald on Behalf of Identiv Inc. v. Humphreys, 806 F. App'x 577, 580 (9th Cir. 2020).

### i. Arman Izadi

Defendants assert that Plaintiff fails to state a claim for breach of fiduciary duty against Defendant Izadi because he is not a director or officer of GTI. This Court disagrees. A "fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." Stalk v. Mushkin, 199 P.3d 838, 843 (Nev. 2009). Moreover, fiduciary relationships arise where the parties do not deal

on equal terms and there is special trust and confidence placed in the superior party. Hoopes v. Hammargren, 725 P.2d 238, 242 (Nev. 1986). "There is a bright line between formal or informal fiduciary relationships, and run-of-the-mill commercial relationship…[Courts] must carefully distinguish between those arms-length commercial relationships where trust is created by the defendant's personality or the victim's credulity, and relationships in which the victim's trust is based on defendant's position in the transaction." U.S. v. Milovanovic, 678 F.3d 713, 722 (9th Cir. 2012) (internal citation omitted).

Here, although Plaintiff does not specifically allege Izadi was an officer or director of GTI, Plaintiff does assert that Izadi had an implied fiduciary duty to GTI and its shareholders, given his position of influence and apparent control of the company. Plaintiff Streeter relied on Izadi's advice to continually invest in GTI and Izadi made numerous representations regarding GTI, such as the company having the sole and exclusive right to market and sell the glow threads technology. Despite not actually having these exclusive rights, Izadi induced Streeter to invest more money because other another investor, Brian Epling, also invested.  Also, upon Streeter's initial investment, Izadi allegedly promised to provide Streeter with shares in Viva La Merch, which Izadi represented he also controlled; however, those shares never materialized.  The Court finds that Plaintiff alleges a plausible claim against Izadi based on an informal fiduciary relationship. Therefore, Plaintiff's sufficiently asserts a breach of fiduciary duty claim against Izadi.

### ii. Sancho Van Ryan

Defendants move to dismiss Streeter's fiduciary claim against Defendant Van Ryan based on Plaintiff's failure to satisfy Chur. This Court disagrees. Here, Streeter alleges that Van Ryan's conduct constituted intentional misconduct that is fraudulent, in bad faith, and self-interested, such as making false representations about GTI to induce Streeter to invest. For example, in April 2016 Plaintiff allegedly invested an additional $50,000.00 based on Van Ryan pitch in which he represented that GTI held the rights to proprietary clothing technology which would allow customers to write on a t-shirt with laser pen. However, in reality, GTI did not have such rights and had not filed a patent application. Plaintiff invested an additional $50,000.00 based on this representation. Plaintiff therefore sufficiently alleges that Van Ryan's actions were a product of

bad faith and actual intent to do harm to GTI and shareholders. <u>Oswald on Behalf of Identiv Inc. v. Humphreys</u>, 806 F. App'x 577, 580 (9th Cir. 2020) ("Bad faith includes fiduciary conduct motivated by an actual intent to do harm…where the fiduciary intentionally acts with a purpose other than that of advancing the best interests of the corporation, where the fiduciary acts with the intent to violate applicable positive law, or where the fiduciary intentionally fails to act in the face of a known duty to act, demonstrating a conscious disregard for his duties.") (internal citations omitted). Therefore, the Court also finds that Streeter states a claim for breach of fiduciary duty as to Van Ryan.

### iii. Bonnie Izadi ("Roberts")

Defendants argue that Plaintiffs' fiduciary claim against Roberts fails because Plaintiff did not define the scope of that fiduciary duty. This Court disagrees. Roberts is Izadi's mother and was the Secretary, Treasurer, and Chief Financial Officer of GTI. Plaintiff alleges that Roberts worked with Izadi to misdirected company funds by making substantial payments to her son and she did not disclose these payments to shareholders. Roberts allegedly had not training to qualify her as Chief Financial Officer, yet she oversaw all financial transaction of GTI. Based on the allegations, Plaintiff has alleged that Roberts acted in bad-faith with her son and others. Therefore, the Court finds that Streeter states a claim for breach of fiduciary duty as to Roberts.

### iv. Brian Epling/The Orange Trust

Defendants argue that Plaintiff's fiduciary claim against The Orange Trust fails because The Orange Trust cannot be an officer or director of GTI and that a claim against The Orange Trust as a majority shareholder must be a direct, rather than a derivative action. Defendants also argue that Defendant Epling should be dismissed because there is no claim for relief against Brian Epling and he is included merely because of his role as trustee of the Orange Trust. The Court agrees that these allegations are not sufficiently pled.

Under Nevada law, there are circumstances where a controlling shareholder owes minority shareholders a fiduciary duty. <u>See, e.g.</u>, <u>Guzman v. Johnson</u>, 483 P.3d 531, 538-538 (Nev. 2021), <u>Cohen v. Mirage Resorts, Inc.</u>, 62 P.3d 720, 732 (Nev. 2003). Such a claim is properly brought as a direct or individual shareholder action. <u>Cohen</u>, 62 P.3d at 732, <u>see also Parametric Sound Corp.</u>

7

v. Eighth Judicial Dist. Court of Nev., 401 P.3d 1100, 1104-1108 (Nev. 2017) (elaborating on the standard in Cohen and distinguishing between direct and derivative claims). However, Plaintiff has styled the complaint as a derivative action precluding them from this theory of liability. Even if the court interpreted Plaintiff's allegations as direct claims, Plaintiff does not allege that The Orange Trust breached the *kind* of fiduciary duty that controlling shareholders owe to minority shareholders. Cohen v. Mirage Resorts, Inc., 62 P.3d 720, 727 (citing Weinberger v. UOP, Inc., 457 A.2d 701, 710-11 (Del. 1983)).  Further, Plaintiffs do not sufficiently allege that Epling or the Orange Trust were officers or directors of GTI who owed a fiduciary duty to the corporation and breached that duty. See Klein v. Freedom Strategic Partners, LLC, 595 F. Supp. 2d 1152, 1162 (D. Nev. 2009). As a result, there are no sufficiently pled claims against The Orange Trust and Brian Epling. They are therefore dismissed as Defendants. The Court recognizes however, that evidence of dealings related to The Orange Trust and/or Brian Epling may be relevant to other claims in this suit.

### c. Claim Three: Aiding and Abetting

Defendants argues that Plaintiff's third cause of action for aiding and abetting a breach of fiduciary duty also fails. This Court disagrees.  Aiding and abetting the breach of a fiduciary duty has four required elements: (1) there must be a fiduciary relationship between two parties, (2) that the fiduciary breached, (3) the defendant third party knowingly and substantially participated in or encouraged that breach, and (4) the plaintiff suffered damage as a result of the breach. In re Americo Derivative Litigation, 252 P.3d 681, 702 (Nev. 2011). Here, Plaintiff alleges that Izadi, Van Ryan, and Roberts knowingly participated in these breaches of their fiduciary duties. Izadi and Van Ryan allegedly induced Plaintiff into investing in GTI based on false information that investors would rely on to determine the potential payoff of an investment. Plaintiff alleges that Roberts participated in transferring substantive payments with insufficient bookkeeping records to allow her son to purchase a car. The Court finds that Plaintiff has plead with sufficient clarity an aiding and abetting claim against Izadi, Van Ryan, and Roberts.

### d. Claim Four: Civil Conspiracy

To state an actionable claim for civil conspiracy to defraud, a plaintiff must allege: (1) a conspiracy agreement formed by the defendants to unlawfully harm the plaintiff, (2) an act of fraud in furtherance thereof, and (3) resulting damages to the plaintiff. Davenport v. GMAC Mortg, No. 2013 Nev. Unpub. LEXIS 1457 (Nev. 2013). Here, Plaintiff alleges that Izadi, Van Ryan, and Roberts conspired to create a vehicle to obtain substantial cash investment from investors such as Plaintiff and to use the company to extract these funds for their personal benefit. Plaintiff alleges that each Defendant committed specific fraudulent acts in furtherance of the conspiracy and that Plaintiff incurred damages in excess of $75,000 as a result of this fraud. The Court finds that Plaintiff has plead with sufficient clarity a civil conspiracy against Izadi, Van Ryan, and Roberts.\

### e. Claims Five and Six: Unjust Enrichment and Accounting

Defendants concede that Plaintiffs have adequately pled facts supportive of an unjust enrichment claim and an accounting, but that Plaintiff fails to satisfy the requirements of FRCP 23.1. Because of this Court's analysis above, the Court finds that Plaintiff has pled these claims with sufficient clarity.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (ECF No. 47) is GRANTED in part and DENIED in part. Defendants The Orange Trust and Brian Epling are dismissed from this suit. The Motion is denied as to all of the claims regarding the remaining defendants.

DATED: September 21, 2021.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**