CLARK HILL PLLC
MARK S. DZARNOSKI, ESQ.
Nevada Bar No. 3398
E-mail: mdzarnoski@clarkhill.com
MICHAEL V. CRISTALLI, ESQ.
Nevada Bar No. 6696
E-mail: mcristalli@clarkhill.com
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Tel: (702) 862-8300
Fax: (702) 862-8400
*Attorneys for Defendants Arman Izadi aka Alexander Izadi aka Armani; Sancho Van Ryan aka Sancho Jinadasa; Bonnie Izadi aka Bonnie Roberts; Glow Threads, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mark Streeter, derivatively on behalf Of the shareholders of Glow Threads, Inc.,

Plaintiff,

v.

Arman Izadi a/k/a Alexander Izadi a/k/a Armani; Sancho Van Ryan a/k/a Sancho Jinadasa; Brian Epling, as the trustee of The Orange Trust; The Orange Trust; Bonnie Izadi a/k/a Bonnie Roberts; Adli Law Group, P.C.; Anthony DiMonte; and Glow Threads, Inc., As a nominal Defendant for derivative claims,

Defendants.

CASE NO: 2:18-cv-01916-RFB-VCF

CONSOLIDATED with: Case No. 2:18-cv-02335-RFB-DJA

**STIPULATION AND [PROPOSED] ORDER TO STAY DISCOVERY AND OTHER DEADLINES PENDING MEDIATION (THIRD REQUEST FOR EXTENSION)**

Pursuant to LR IA 6-1 and LR 26-4, the parties, through their counsel, hereby stipulate and request this Court to STAY discovery and other deadlines pending the outcome of mediation of these consolidated matters. In support of this Stipulation and Request, the parties state as follows:

This action was consolidated with Case No. 2:18-cv-02335-RFB-DJA, in March 2021. There was heavy motions practice with pending and renewed motions to dismiss, which the Court resolved ordering that Plaintiff file a Third Amended Complaint on or before May 7, 2021, and provide a new stipulated discovery plan, which was submitted and approved by the Court. There were scheduling orders entered in the matters when they were separate and some extensions requested in 2020 due to the impact of COVID and then because of the desire to coordinate the actions (pre consolidation) while awaiting rulings on pending dispositive motions. On September 21, 2021, the Court ruled on a motion to dismiss pending since early in this case [ECF No. 89]. Plaintiffs have filed a Motion for Reconsideration [ECF No. 90] which motion is presently before the Court. This is the third request to extend the entirely new Discovery Plan and Scheduling Order submitted on May 7, 2021 and entered by the Court. While the Parties believed that they could have discovery completed sufficiently to prepare expert reports, that belief was incorrect due to intervening factors, coupled with the general disruptions caused by Covid 19 and the resurgence of the disease because of the Delta and Omicron variants and certain personal issues arising with a health crisis involving Plaintiff's counsel's daughter in October along with serious health issues pertaining to party and key witness Bonnie Izadi, who passed away during the weekend of 1/21/22, pursuant to the representations of Defendants counsel.

**A. DISCOVERY COMPLETED TO DATE:**

1. All parties have made initial disclosures. Plaintiff and Defendants Adli and DiMonte have served supplemental disclosures.

2. Plaintiff has served written discovery on Defendants Izadi, GTI, Adli and DiMonte, Van Ryan and Bonnie Izadi. All parties except for Bonnie Izadi responded to discovery. Based upon representations regarding Bonnie Izadi's medical condition, her time for response was extended. Pursuant to the representations of Defendants' counsel, Bonnie Izadi passed away during the weekend of 1/21/22 without responding to discovery requests.

3. Defendants Izadi and Adli served written discovery on Plaintiff and responses were timely served.

4. Plaintiff has completed the deposition of Brian Epling and taken a jurisdictional deposition of Adli Law Group and Anthony DiMonte.

5. The depositions of DiMonte (merits), Bonnie Izadi and Sancho Van Ryan are currently noticed for January 28, 2022, January 27, 2022 and January 27, 2022, respectively. Based upon her passing, the deposition of Bonnie Izadi will be vacated or non-appearance will be noted on the transcript of deposition unless this Stipulation and requested Stay is granted.

**B. DISCOVERY REMAINING TO BE COMPLETED:**

1. Initial Expert Disclosures;
2. Additional written discovery;
3. Responses to additional written discovery;
4. Depositions of each of the parties;
5. The Parties may need to schedule third-party depositions;
6. All parties will serve supplemental disclosures, as necessary.
7. Obtain requested information and documentation from third-parties relevant to this matter.

**C. REASON FOR REQUEST FOR EXTENSION OF DISCOVERY DEADLINES:**

This case has had a complex procedural history, which was heavily impacted by the Pandemic. There was heavy motions practice at the outset, including renewed motions after Court-ordered jurisdictional discovery. Dispositive motions were filed early in this case (multiple times pertaining to amended pleadings) and only fully resolved in September, 2021, with the Court issuing an order denying in part and granting in part one of the first early motions filed (ECF No. 89). A motion for reconsideration has been filed, with a request for leave to amend as a result of the partial grant of the motion to dismiss (ECF No. 90), thus it is possible there may be an amended pleading at issue, depending on the Court's resolution. The parties believe that the outcome of the motion for reconsideration has implications upon the scope of remaining discovery and had hoped to learn the outcome thereof prior to holding the party depositions set forth herein.

While the Parties have been proceeding with discovery as possible and believed they would be in a position for initial expert disclosures by the current deadline, there were unexpected events which have delayed completion of necessary depositions along with the resurgence of COVID-19 which have impacted scheduling for all parties and hampered scheduling needed discovery, including depositions of the primary parties needed to complete expert reports. Additionally, Bonnie Izadi's medical condition precluded taking her deposition during the last several months. Bonnie Izadi was Glow Threads, Inc.'s secretary, treasurer and CFO/bookkeeper, and her testimony was important by Plaintiffs to the preparation and analysis of expert reports in this matter. Although her deposition was noticed for January 27, 2022, Bonnie Izadi passed away the weekend of January 21, 2022. Bonnie Izadi's illness has impacted Defendant Arman Izadi's ability to participate in the defense of this action, as he is appropriately focused on his mother's condition.

In addition to the above, counsel for Defendants schedules have been impacted by a very large action demanding their exclusive attention (which should be concluded by the end of November, 2021), and Defendant Mr. DiMonte, a practicing attorney, has also had difficulty clearing some time in his understandably full schedule.

Last, Counsel for Plaintiff (still dealing with the family health crisis that commenced during the summer for a close family member involving cancer), had another family member, this time his daughter, experience a significant and life threatening health crisis in October, 2021, which has required hospitalization and an emergency procedure and has yet to resolve and may yet require further hospitalization as current treatments have proven ineffective. This has dominated counsel for Plaintiff's time and attention in the last 90 days, and will continue to do so.

The Parties have opened a dialog regarding possible settlement and have agreed to mediation. Mediation is currently set for April 14, 2022 before Honorable Stu Bell (Ret.) of JAMS which is the earliest availability counsel could secure. In this action the entity defendant is insolvent and except for the attorney defendants, the parties are individuals and bearing the

expense of litigation personally with limited resources such that it is in all Parties' advantage to engage in mediation prior to the disclosure of experts in the interest of economic efficiency. In support thereof, the parties state as follow:

1. At this time the parties remain highly concerned about the spreading of COVID-19. They do not feel safe to travel, be in public places, or engage in any situation which will cause undue exposure to the virus.

2. As a result of the above noted concerns, including but not limited to health concerns, the significant illness and death of a primary witness and defendant Bonnie Izadi (also impacting another primary witness and defendant Arman Izadi, her son as his attention is focused on his mother), schedule difficulties faced by Defense counsel and personal issues which have impacted Plaintiff's counsel and the ongoing disruption of COVID Delta and Omicron variants which has significantly impacted not just this case, but all cases pending throughout the country and lasting impacts from business disruptions, etc., the parties do not feel that they will be able to complete the remaining discovery within the current deadlines. The experience of the past nearly two years has taught that as the country recovers, it is necessary for all parties to work together cooperatively and with courtesy to accommodate schedules and health concerns. Counsel for all parties have always worked cooperatively together to move this case forward as possible, but also be accommodating to professional and personal issues that continue to cause impacts.

**3.** A stay of discovery and other deadlines pending the outcome of the April 14, 2022 mediation provides the Parties with sufficient time for continued discussions concerning possible resolution. Good cause exists for the requested extension. For these reasons, the Parties believe their request for an extension should be granted.

**D. PROPOSED SCHEDULE FOR COMPLETING DISCOVERY:**

The parties request for an order staying discovery and other deadlines until after completion of the mediation is reasonable and necessary given the good cause set forth above. The parties propose to file a Joint Status Report regarding their mediation which Status Report is

due on April 21, 2022, seven (7) days following the currently scheduled mediation. In the event the mediation does not result in settlement, the parties will propose new deadlines therein.

| Event | Current Deadline | New Deadline |
|---|---|---|
| Initial Experts | February 1, 2022 | Stayed pending submission of a Joint Status Report regarding mediation due on April 21, 2022 |
| Rebuttal Experts | March 7, 2022 | Stayed pending submission of a Joint Status Report regarding mediation due on April 21, 2022 |
| Close of Discovery | April 4, 2022 | Stayed pending submission of a Joint Status Report regarding mediation due on April 21, 2022 |
| Dispositive Motions | May 2, 2020 | Stayed pending submission of a Joint Status Report regarding mediation due on April 21, 2022 |
| Pre-Trial Order | 30 Days After Dispositive Motions Ruling | Stayed pending submission of a Joint Status Report regarding mediation due on April 21, 2022 |

//

//

//

//

//

//

**IT IS SO STIPULATED.**

Respectfully submitted, this 24th day of January, 2022.

CLARK HILL, PLLC

By: //s// Mark S. Dzarnoski
MARK S. DZARNOSKI. ESQ.
Nevada Bar No. 3398
MICHAEL V. CRISTALLI, ESQ.
Nevada Bar No. 6696
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 862-8300
Email: mdzarnoski@clarkhill.com
Email: mcristalli@clarkhill.com
*Attorneys for Defendants Arman Izadi aka Alexander Izadi aka Armani; Sancho Van Ryan aka Sancho Jinadasa; Bonnie Izadi aka Bonnie Roberts; Glow Threads, Inc.*

KENNEDY & COUVILIER

By: //s// Todd E. Kennedy
TODD E. KENNEDY, ESQ.
Nevada Bar No. 6014
3271 E. Warm Springs Rd.
Las Vegas. Nevada 89120
Tel: (702) 608-7931
Email: tkennedy@kclawnv.com
*Counsel for Plaintiff Mark Streeter*

CLARK HILL, PLLC

By: //s// Nicholas M. Wieczorek
NICHOLAS M. WIECZOREK, ESQ.
Nevada Bar No. 6170
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 862-8300
Email: nwieczorek@clarkhill.com
*Counsel for Defendants, Adli Law Group and Anthony DiMonte*

IT IS HEREBY ORDERED that a telephonic status hearing is scheduled for 10:00 AM, June 1, 2022.

The call-in telephone number is (888) 273-3658, access code: 3912597. The call must be made five minutes prior to the hearing time. The court will join the call and convene the proceedings. Recording of the proceedings is prohibited.

**ORDER**

IT IS SO ORDERED:

________________________________________
UNITED STATES MAGISTRATE JUDGE

DATED: 1-25-2022