UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK STREETER, derivatively on behalf of the shareholders of Glow Threads, Inc.<br><br>Plaintiff,<br><br>v.<br><br>ARMAN IZADI a/k/a ALEXANDER IZADI a/k/a ARMANI et al,<br><br>Defendants. | Case No. 2:18-cv-01916-RFB-VCF<br><br>ORDER |

## I.   INTRODUCTION

Before the Court are the parties' Joint Motion to Approve Derivative Action Settlement (ECF No. 102) and Plaintiff Mark Streeter's Motion for Reconsideration (ECF No. 90). For the reasons staged below, the Court grants the parties' Joint Motion and denies Plaintiff's Motion for Reconsideration as moot.

## II.   RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

The Court incorporates by reference the Factual Background and Procedural History included in its September 21, 2021 Order ("Prior Order,") and adds the following additional information:

On October 19, 2021, Plaintiff filed a Motion for Reconsideration of the Court's Prior Order. ECF No. 90. The Motion was fully briefed on November 9, 2021. ECF Nos. 92, 93. The Court extended the Discovery Deadline to April 6, 2022 at the parties' request on November 18, 2021. ECF No. 95. On January 24, 2022, the parties filed a joint stipulation to stay Discovery pending mediation. ECF No. 96. On January 1, 25, 2022, the Court granted the stipulation, stayed discovery, and scheduled a telephonic status hearing for June 1, 2022. On March 15, 2022, Former

Defendant Adli Law Group P.C. filed a Notice of Bankruptcy. ECF No. 98. On June 1, 2022, the Court held a telephonic status conference, and set a follow-up telephonic status conference for November 30, 2022. ECF No. 99. On June 23, 2022, the Court issued an Order consolidating Case No. 2:18-cv-02335-RFB-DJA under the instant action. ECF No. 100. At the November 30, 2022 Status Conference, the Court ordered a follow-up status conference for January 31, 2023. ECF No. 101. On January 27, 2023, the parties filed the instant Joint Motion to Approve Derivative Action Settlement. ECF No. 102. This Order follows.

### III. LEGAL STANDARD

Nevada has a well-established and strong public policy favoring settlements. See Redrock Valley Ranch, LLC v. Washoe Cty., 254 P.3d 641, 648 (Nev. 2011). The settlement of a shareholder derivative action requires court approval. See Nev. R. Civ. P. 23.1 ("Rule 23.1"). The approval of a proposed settlement is a matter within the sound discretion of the court. Velsicol Chem. Corp. v. Davidson, 811 P.2d 561, 561 (Nev. 1991). The Court must consider whether the settlement is fair, reasonable, and adequate. Officers for Justice v. Civil Service Comm'n, 688 F.2d 615, 625 (9th Cir. 1982). Finally, in Nevada, "the method upon which a reasonable fee is determined is subject to the discretion of the court, which is tempered only by reason and fairness." Shuelte v. Beazer Homes Holdings Corp., 121 Nev. 837, 864 (2005) (internal quotation marks omitted).

### IV. DISCUSSION

The Court first summarizes certain key terms of the settlement agreement. Glow Threads, Inc. ("GTI") is an insolvent entity which has not done any business in a number of years. The Parties submit that this Settlement is fair and reasonable and has already been approved and consented to by all shareholders. Mr. Streeter, who funded the company and is a creditor based on loans, will assume complete ownership of the company and all defendants, including the company will receive releases both for the derivative claims but also the consolidated fraud and breach of contract claims asserted by Mr. Streeter personally against the Company, Mr. Izadi and Sancho Van Ryan. Most significantly, Plaintiff will receive a settlement payment of $105,000.00, $50,000 from Defendant Adli Law Group (as administered by the Bankruptcy Trustee) and the

remaining $55,000.00 will be paid by Defendant Izadi. The parties' agreement states this settlement amount is consideration for the dismissal of both the Derivative Action and the Personal Action. Additionally, after effectuation of Settlement, all GTI shares will be transferred to Plaintiff. The parties agree to bear their own fees and costs.  All shareholders are parties to the settlement and/or expressly approve its terms and conditions; Brian Epling, while not a Party to this Agreement or a named Defendant, in his personal and individual capacity, in the consolidated actions, has agreed to transfer 500 shares in GTI issued in his name to Plaintiff as a condition of this Agreement and as set forth in his signed acknowledgement and consent to various settlement terms.  Fourteen days from the date the settlement is executed, Defendant Izadi will deliver all GTI property, "both personal or intangible," to Plaintiff, including the domain name "mymerch.com," social media and email accounts, inventory, and equipment. The parties also note that "Defendant[s] shall cooperate and execute such conveyances or authorizations as reasonably needed to accomplish the transference of the property to Streeter, including but not limited to the transfer of any patent or trademark rights with the US Patent and Trademark Office."  Upon compliance with these terms, Plaintiff agrees to wholly release all claims across the consolidated action against Defendants. The Court further notes that while the parties wish to keep the terms of the agreement confidential, they have filed the Motion and Agreement to the Docket without any request or Motion to Seal.

The Court, in its discretion, approves the settlement as a fair, adequate, and reasonable resolution of the parties' dispute. Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000); Officers for Justice, 688 F.2d at 625; see generally Goldman v. Northrop Corporation, 603 F.2d 106, 108-09 (9th Cir, 1979) (noting that a settlement may reasonably and adequately serve the best interest of a corporation on whose behalf the derivative action is brought even though no direct monetary benefits are paid by the defendants to the corporation.)  This action stemmed from allegations that Plaintiff was lured into investing in GTI by named Defendants who made false representations and induced Plaintiff into signing shareholder agreements when GTI was a mechanism for Defendant Izadi to misdirect company funds for his own benefit or that of his family.  Defendants deny all wrongdoing. Given the costs of litigating this matter, and the parties'

disparate positions prior to mediation, and public policy favoring settlement in Nevada, the Court finds that the parties' proposed settlement properly resolves the counseled parties' dispute. See Redrock Valley Ranch, LLC v. Washoe Cty., 254 P.3d 641, 648 (Nev. 2011). The Court does not find any evidence on the record before it of fraud, overreaching, or collusion by the parties. Officers for Justice, 688 F.2d at 625. The Court also takes note that the bankruptcy trustee in Adli Law Group, P.C.'s Bankruptcy Case has already approved the settlement, consented to its terms, and provided some of the consideration it owes Plaintiff under the agreement. Therefore, the Parties' Joint Motion to Approve Derivative Action Settlement is granted.

### V.     CONCLUSION

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Approve Derivative Action Settlement (ECF No. 102) is GRANTED. Typically notice of any proposed settlement of a derivative action to all shareholders is necessary. However, given that all shareholders are party (or otherwise have signed in writing as approving the settlement), there is no shareholder that is not already aware to and has approved of the terms of the settlement. Accordingly, the Court finds no further notice is required.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 90) is DENIED as moot.

**IT IS FURTHER ORDERED** that the parties must file a joint stipulation of dismissal by March 31, 2023.

DATED March 20, 2023.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**